

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2008

# In Re: THCR/LP Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2429

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: THCR/LP Corp " (2008). *2008 Decisions.* Paper 263.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2429

_____

IN RE: THCR/LP CORPORATION, et al.,

Debtors/Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-01591)
District Judge:  The Honorable Renee M. Bumb

_____

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2008

BEFORE: McKEE, NYGAARD, and SILER,<sup>*</sup> <u>Circuit</u> <u>Judges</u>.

(Filed: November 5, 2008)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

   Appellant, THCR LP, Corp., appeals from an order of the District Court which

reversed a bankruptcy court's order, concluding that the plain and unambiguous language

_____

   *Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court
of Appeals for the Sixth Circuit, sitting by designation.

of the Joint Plan of Reorganization entitled the Former Shareholders to the distribution package outlined therein. The District Court then remanded the matter to the bankruptcy court for determination as to whether the Debtors are entitled to a credit under an unjust enrichment theory. Appellant alleges as error the issues listed in paragraph I, taken verbatim from its brief. Because we conclude that the District Court did not err, we will affirm.

I.

The allegations of error asserted by appellant are as follows:

1. Where Former Shareholders sold their shares of the common stock of THCR ("Old THCR Common Stock") to purchasers on a national securities market between the Plan record date and the "ex-date" established by the National Association of Securities Dealers (the "NASD"), whether the District Court committed reversible error when it interpreted the Plan to require that the Debtors make a cash and warrants distribution directly to Former Shareholders, despite provisions of the Plan that provided that the Debtors shall be entitled to deal only with, and make the distribution to, shareholders of record as of the record date, who in turn allocated it as required by federal securities law to the purchasers of the Old THCR Common Stock sold by Former Shareholders.

2

2.      Whether the District Court committed reversible error by interpreting the Plan in a manner inconsistent with NASD Uniform Practice Code Rule 11140, which mandates that upon the sale of their Old THCR Common Stock Former Shareholders transferred to their purchasers the right to receive the Plan distribution package from Debtors.

3.      Whether the District Court committed reversible error when it found that Former Shareholders were entitled to receive a part of the distribution package – a pro rata share of the proceeds from the sale of certain real property – that had been distributed to the purchasers of the stock held by Former Shareholders in compliance with a separate order of the Bankruptcy Court that Former Shareholders contested in the Bankruptcy Court but did not seek to stay pending this appeal.


II.

The facts and procedural history of this case are well known to the parties and the court, and it is not necessary that we restate them here. The reasons we write an opinion of the court are threefold: to instruct the District Court, to educate and inform the attorneys and parties, and to explain our decision. We use a not-precedential opinion in cases such as this, in which a precedential opinion is rendered unnecessary because the opinion has no institutional or precedential value. *See* United States Court of Appeals for

the Third Circuit, Internal Operating Procedure (I.O.P.) 5.3. Under the usual circumstances when we affirm by not-precedential opinion and judgment, we briefly set forth the reasons supporting the court's decision. In this case, however, we have concluded that neither a full memorandum explanation nor a precedential opinion is indicated because of the very extensive and thorough opinion filed by Judge Renee M. Bumb of the District Court. Judge Bumb's opinion adequately explains and fully supports her order and refutes the appellant's allegations of error. Hence, we believe it wholly unnecessary to further opine, or offer additional explanations and reasons to those given by the District Court, why we will affirm. It is a sufficient explanation to say that, essentially for the reasons given by the District Court in its opinion entered the 26th day of April, 2007, we will affirm.

III.

In sum, for the foregoing reasons, we will affirm the order of the District Court entered the 26th day of April, 2007.

4